UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2009 JUL 24  PM 4:20

| | |
|---|---|
| DIGNA E. ALVAREZ and ALBERTO R. REYES, individually and as the representatives of the ESTATE OF GERMAN (aka "HERMAN") ALBERTO REYES ALVAREZ<br>　　　　　　　Plaintiffs<br><br>v.<br><br>GEO GROUP, INC., WARDEN JOHN CAMPBELL, in his individual and official capacities, VAL VERDE COUNTY and JOE FRANK MARTINEZ, SHERIFF OF VAL VERDE COUNTY, in his official capacity, and UNKNOWN SECURITY GUARDS AND MEDICAL STAFF OF THE VAL VERDE COUNTY JAIL, in their individual capacities<br>　　　　　　　Defendants | § § § § § § § § § § § § § § § § § § | Case No. SA09CA0601 OG<br><br>JURY REQUESTED |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Digna E. Alvarez and Alberto R. Reyes, respectfully file this original complaint and would show the following:

### STATEMENT OF CLAIM

1.　Plaintiffs Digna Emerita Alvarez Alvarez and Alberto Rosendo Reyes Martinez, individually and on behalf of the Estate of German Alberto Reyes Alvarez, bring this civil rights action for injunctive, declaratory, and monetary relief, seeking redress from Defendants for the death of their son, German Alberto Reyes Alvarez, while incarcerated in the Val Verde County Jail and hospitalized at the Val Verde County Regional Medical Center.

2.　Plaintiffs complain that Defendants are liable for the deprivation of Mr. Reyes Alvarez's constitutional rights under color of law and in violation of the Eighth and Fourteenth

1

Amendments to the United States Constitution, and for violations of Titles II and III of the Americans with Disabilities Act, 42 U.S.C. § 12131 ("ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504").

3. Plaintiffs also bring supplemental actions under the Texas Wrongful Death Act, the Texas Survival Statute, and the Texas Tort Claims Act.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, the ADA, and Section 504. Jurisdiction is based on 28 U.S.C. §§ 1331, 1343(a)(3)(4), and 2201 and the aforementioned federal statutory and constitutional provisions.

5. Plaintiffs further invoke the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to consider their state law claims.

6. Venue is proper in this court under 28 U.S.C. § 1391(b)(1) because Defendants reside in this district. Venue is proper in this court under 28 U.S.C. § 1391(c) because Defendant GEO Group, Inc. ("GEO") maintains its Regional Office in New Braunfels, Comal County, Texas.

## PARTIES

7. Ms. Alvarez is the mother of German Reyes Alvarez ("the deceased" or "Mr. Reyes Alvarez") and sues in her individual capacity and as representative of her son's estate.

8. Mr. Reyes is the father of the deceased and sues in his individual capacity and as representative of his son's estate.

9. At all relevant times defendant GEO operated the Val Verde County Jail ("Jail"). GEO runs the jail pursuant to a contract with Val Verde County and the United States Marshals Service ("USMS"). GEO was responsible for the training and conduct of the officers and personnel working in its facility under the doctrine of *respondeat superior*. At all times, GEO

acted under color of law and as the agent, servant, and as a matter of law, the official representative of Val Verde County and the USMS.

10. At all relevant times, Defendant John Campbell was the warden of the jail, an employee of GEO, and acting as an agent, servant and employee of GEO, Val Verde County and the USMS. He is sued in his individual and official capacities.

11. Val Verde County is a political subdivision of the State of Texas. Defendant Joe Frank Martinez is the Sheriff of Val Verde County, and thus the chief administrative officer of the jail. Funds from the County and the USMS are used to operate the jail, employ and compensate jail staff, and assure that, at all times, the jail remains in compliance with federal and state law. Defendant Joe Frank Martinez is sued in his official capacity.

12. At all relevant times there were officers, medical staff and other personnel employed by GEO, and acting as agents, servants, and employees of GEO, Val Verde County and the USMS. Through discovery Plaintiffs hope to obtain the names of those officers, medical staff and other personnel responsible for the safekeeping and care of the deceased, including the duty to protect him from self-harm, provide for his serious medical needs, and ensure the adequacy of supervision. They are sued in their individual capacities.

## STATEMENT OF FACTS

13. On May 22, 2007, the United States Border Patrol booked the deceased into Val Verde County Jail.

14. On June 6, 2007, the deceased was sentenced in U.S. District Court to 180 days of jail time for the crime of illegal entry. He was remanded into the custody of the USMS and sent back into Val Verde County Jail to serve his sentence.

15. On June 30 the deceased was sent to the Medical Department in Val Verde County Jail because he made comments about cutting himself. The deceased stated he was depressed and wanted to make contact with his brother, Rene Reyes Alvarez, who had been apprehended with him and was being held at the Zavala County Jail.

16. On June 30 the deceased was transferred to another cell and placed under "Suicide Level III" watch, which requires direct observation no less than every 15 minutes.

17. The deceased was not eating or drinking, he was non-responsive, and was found curled up in the fetal position and crying. The deceased defecated and urinated on himself.

18. On July 2, 2007, the deceased was placed on "Suicide Level II" watch, which requires constant, direct line of sight monitoring.

19. The deceased was never given a complete psychiatric exam and evaluation.

20. Jail personnel, medical staff and unnamed defendants did not comply with the requisite level of observation and care of the deceased during the Suicide Levels III and II watch, and failed to provide adequate psychiatric and medical care to the deceased. Deceased received no anti-psychotic medication or appropriate medication or therapy for his psychiatric conditions while at the jail. Until July 10, 2007, he received no intravenous fluids or assisted feeding or nourishment. He received inadequate care for his personal hygiene given his condition and inability to care for himself.

21. Due to the lack of care while under the care and responsibility of GEO, the Val Verde County Jail, and the USMS, the deceased suffered from severe dehydration and, upon information and belief, other internal medical problems due to the compromised and vulnerable physical and mental state into which he had been allowed to deteriorate. These conditions ultimately led to his untimely death.

22. On July 11, the deceased was admitted to Val Verde Regional Medical Center for, among other things, dehydration/volume depletion, azotemia, thrombocytopenia, and hypernatremia. The deceased was in a semi-catatonic state.

23. Doctors and staff at the Val Verde Regional Medical Center were unable to restore through treatment the deceased's physical and mental health.

24. The deceased's compromised physical and mental state led to further complications, including but not limited to pneumonia and fevers that were not brought under control.

25. On July 27, 2007, the deceased was transferred to the Intensive Care Unit for the multiple psychiatric and physical conditions with which he had arrived and which had complicated during his stay at the hospital. He was placed on a ventilator and other monitoring equipment, but doctors and staff were unable to keep him alive.

26. On July 28, 2007 the deceased was pronounced dead at the Val Verde Regional Medical Center.

27. No autopsy was performed on the deceased.

28. Defendants' treatment of the deceased was deliberately and callously indifferent to his medical and psychiatric needs. The systematic lack of supervision and adequate medical care for inmates suffering from mental disabilities, including depression, evidenced a custom so persistent, common and widespread and well-settled as to be official municipal policy. The deceased was allowed to waste away in a catatonic state, unable to feed or adequately care for himself. But for the inhumane and substandard treatment of the deceased, and the callous disregard of GEO, Val Verde County, Campbell and the unknown defendants, he would still be alive and with his family today.

CAUSES OF ACTION I AND II:  FEDERAL DUE PROCESS AND CRUEL AND UNUSUAL PUNISHMENT

29. Defendants' actions, done under color of law and their authority, intentionally and with conscious, callous and deliberate indifference to German Reyes Alvarez's constitutional rights under the Fifth, Eighth and Fourteenth Amendments, deprived him of his due process rights and his right to be free from cruel and unusual punishment.

30. On information and belief, Defendants, acting at the level of official policy and custom, with deliberate, callous, and conscious indifference to German Reyes Alvarez's constitutional rights, authorized, tolerated, and institutionalized the practices and ratified the illegal conduct herein detailed, proximately causing the deprivation of German Reyes Alvarez's due process and cruel and unusual punishment rights, and the resulting injury suffered by:

   a) failing and refusing to provide mental health treatment to Mr. Reyes Alvarez following his reports of depression and exhibiting behavior requiring mental health treatment (as to Defendants GEO, Campbell, Val Verde County, Martinez, and unknown defendants);

   b) failing and refusing to provide a full pre-segregation psychiatric exam before Mr. Reyes Alvarez was placed in administrative segregation (as to Defendants GEO, Campbell, Val Verde County, Martinez, and unknown defendants);

   c) failing and refusing to provide adequate medical care, nourishment and assistance with personal hygiene to Mr. Reyes Alvarez while he was unable to care for himself (as to Defendants GEO, Campbell, Val Verde County, Martinez, and unknown defendants);

CAUSES OF ACTION III AND IV:  AMERICANS WITH DISABILITIES ACT AND SECTION 504

31.     Val Verde County has, and is, a recipient of federal funds, and thus is covered by the mandate of Section 504. Section 504 requires that recipients of federal monies reasonably accommodate persons with mental disabilities in their facilities, program activities, and services and reasonably modify such facilities, services and programs to accomplish this purpose.

32.     Further, Title II of the ADA applies to Val Verde County, and Title III applies to GEO. Titles II and III have essentially the same mandate as Section 504.

33.     The Val Verde County Jail is a facility, and its operation comprises a program and service, for Section 504 and ADA purposes.

34.     Val Verde County and GEO failed and refused to reasonably accommodate Mr. Reyes Alvarez's mental disabilities (depression, anxiety, and catatonic state), in violation of the ADA and Section 504, when he was in the jail. That failure and refusal caused his death.

35.     Val Verde County and GEO failed and refused to reasonably modify their facilities, services, accommodations and programs to reasonably accommodate Mr. Reyes Alvarez's mental disabilities, in violation of the ADA and Section 504. That failure and refusal caused his death.

36.     Because a direct result of Val Verde County and GEO's violations of the ADA and Section 504 was the death of Mr. Reyes Alvarez, Plaintiffs sustained damages described in the preceding paragraphs, for which they are entitled to recover.

37.     Ms. Alvarez and Mr. Reyes are also entitled to recover, as the representatives of the deceased's estate, for those damages which he sustained, as described.

CAUSE OF ACTION V: TEXAS TORT CLAIMS ACT

38.     Plaintiffs assert a claim under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.021, against Val Verde County for the negligent, grossly negligent, and reckless care and

custody of Mr. Reyes Alvarez while serving his sentence at Val Verde County Jail, including, but not limited to, the use and misuse of tangible property (the jail issued clothing that was not kept clean on Mr. Reyes Alvarez due to his inability to care for himself, and misused tangible food and instruments for nourishment and safety while Mr. Reyes Alvarez was unable to care for and feed himself) and the failure to comply with a reasonable standard of care. This claim arises from the performance of a proprietary function so that sovereign immunity is waived by the Act.

## CAUSE OF ACTION VI: TEXAS WRONGFUL DEATH ACT

39. Ms. Alvarez and Mr. Reyes assert claims against all Defendants under the Texas Wrongful Death Act, Tex. Civ. Prac. & Rem. Code § 71.002, for their son's wrongful death. Defendants' wrongful acts that resulted in the deceased's death were a direct and proximate cause of harm and damage suffered to the parent-child relationship, including loss of society, companionship, affection, comfort and love. Ms. Alvarez and Mr. Reyes have suffered pecuniary loss from their son's death, including loss of inheritance, care, maintenance, support, services, advice, counsel, and contributions of pecuniary value that they, in all reasonable probability, would have received during their lifetime, had he lived. Ms. Alvarez and Mr. Reyes also suffered mental anguish, grief and sorrow and are likely to continue to suffer into the future. For these losses, Ms. Alvarez and Mr. Reyes seek damages in the maximum amount allowable by law.

40. Ms. Alvarez and Mr. Reyes bring claims for personal injury, physical pain and suffering, and mental anguish suffered by Mr. Reyes Alvarez through the Texas Survival Statute, Tex. Civ. Prac. & Rem. Code § 71.021, as representatives of his estate. Under this statute, they are allowed to recover the maximum amount of compensatory damages allowed by law, including

reasonable funeral and burial expenses, as well as exemplary damages against GEO, Campbell, and unknown defendants, to the extent allowed by law.

## ADMINISTRATION OF ESTATE UNNECESSARY

41. As to the Estate of German Reyes Alvarez, Plaintiffs plead as follows:

    a. That the Estate has no debts;

    b. That Mr. Reyes Alvarez died intestate;

    c. That no administration is pending;

    d. That no administration is necessary;

    e. That no administration was desired by any interested party in the Estate; and

    f. That Mr. Reyes Alvarez died without owning any real property.

42. Based on such, the administration of the Estate of German Reyes Alvarez was and is not necessary.

## DECLARATORY RELIEF

43. Plaintiffs request all appropriate declaratory relief that can be granted by this Court.

## ATTORNEYS' FEES AND COSTS

44. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to recover attorneys' fees and costs. Plaintiffs also request an award of attorneys' fees, costs, and expenses against all Defendants for their ADA and Section 504 claims, pursuant to 42 U.S.C. § 12205.

## JURY TRIAL

45. Plaintiffs demand a jury trial pursuant to Federal Rule of Civil Procedure 38(a) and (b).

## PRAYER FOR RELIEF

Plaintiffs request that the Court:

    a.    Award punitive damages against all individual Defendants, as appropriate and as allowed by law;

    b.    Award compensatory damages against all Defendants, jointly and severally, as allowed by law;

    c.    Grant declaratory and injunctive relief under federal and state law, as set out in this Complaint;

    d.    Grant reasonable attorneys' fees, litigation expenses and court costs; and

    e.    Grant such other and further relief as appears reasonable and just, to which Plaintiffs may be entitled.

Dated: July 24, 2009.


Respectfully submitted,

_____
Joseph P. Berra
State Bar No. 24027144
Attorney for Plaintiffs

Law Office of Joseph P. Berra
933 N. Flores
San Antonio, TX  78212
Tel:    210-354-2567
         210-842-2567 (direct)
Fax:   210-354-2568